**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

WALKER R. R. DINATALE,

      Petitioner,

          v.                         CASE NO. 1:26-CV-12-HAB-ALT

WARDEN,

      Respondent.

**<u>OPINION AND ORDER</u>**

Walker R. R. DiNatale, a prisoner without a lawyer, filed a habeas corpus petition to challenge his burglary conviction in Case No. 20C01-1507-F4-40.[1] Following a guilty plea, on May 31, 2016, the Elkhart Circuit Court sentenced him on nine counts of burglary to forty years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the Court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In a prior order, the Court found that DiNatale's claims were untimely and that DiNatale was not entitled to equitable tolling, but still granted him an opportunity to respond rather than immediately dismissing this case. (ECF 3). On May 5, 2026, DiNatale filed a response, explaining his substantial efforts to resolve his criminal proceedings and to modify his sentence in a favorable manner and arguing that they entitle him to equitable tolling. (ECF 5).

"[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

timely filing." *Holland v. Fla.*, 560 U.S. 631, 649 (2010). Petitioners must show reasonable diligence in pursuing their rights throughout the federal limitations period and until the date the habeas petition is filed. *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016). "It is the petitioner's burden to establish both of these points." *Socha v. Boughton*, 763 F.3d 674, 683 (7th Cir. 2014). DiNatale's narrative substantially addresses how he has pursued his rights in connection with his criminal proceedings. But he does not identify any extraordinary circumstances that prevented him from filing a timely habeas petition in federal court. Though DiNatale believes that the conduct of the prosecution and trial courts amounts to an extraordinary circumstance, he does not specifically explain the connection between such conduct and the timing of his habeas petition. Put differently, even if the Court credited DiNatale's narrative in its entirety, it remains unclear why DiNatale believes he was unable to file a timely habeas petition.

DiNatale also alludes to his lack of familiarity with the law, but this does not constitute an extraordinary circumstance for purposes of equitable tolling. *See Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) ("Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling."). Finally, he represents that he has spent "the last two years in the most violent prison in America," but the events of the last two years could not have prevented him from filing a timely habeas petition given that the limitations period expired in 2019. Moreover, his litigation activity in State court between 2024 and 2026 indicates that he has had reasonable access to the courts throughout his time at the Miami Correctional Facility. In sum, the Court finds that DiNatale has not plausibly demonstrated that he is entitled to equitable tolling.

Having considered DiNatale's timeliness arguments, the Court concludes that his petition is untimely and that DiNatale has not asserted any valid excuse. Therefore, the Court will dismiss the habeas petition as untimely.

Pursuant to Section 2254 Habeas Corpus Rule 11, the Court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the Court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling. Therefore, the Court denies DiNatale a certificate of appealability.

For these reasons, the Court:

(1) DISMISSES the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claims are untimely;

(2) DENIES Walker R. R. DiNatale a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

**SO ORDERED** on May 12, 2026.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT